UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
RICHARD FEUER,                                          :
                                                        :
        **Plaintiff,**                                   :
                                                        :
    - against -                                      :
                                                        :
MICHAEL J. ASTRUE,                                      :
COMMISSIONER OF SOCIAL                                  :
SECURITY,                                               :
                                                        :
        **Defendant.**                                  :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/08

**MEMORANDUM
OPINION AND ORDER**

06 Civ. 13478

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Richard Feuer, proceeding pro se, brings this action pursuant to the Social Security Act (the "Act"),[1] seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner") denying him a waiver for repayment of excessive disability benefits. This decision became the Commissioner's final decision when the Appeals Council denied Feuer's request for review.[2]

---

    [1]    *See* 42 U.S.C. § 405(g).

    [2]    *See* Notice of Appeals Council Action ("Not.") filed as part of Plaintiff's complaint.

1

The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner argues that the Administrative Law Judge's (ALJ) finding that Feuer was not entitled to a waiver of overpayment is supported by substantial evidence and should be affirmed. Feuer opposes the motion on the grounds that the ALJ's decision and the Commissioner's motion contained "severe factual errors."[3] For the following reasons, the Commissioner's motion is granted in its entirety.

## II. FACTUAL BACKGROUND

The evidence, which is contained in the transcript of the administrative record, has been summarized by the ALJ in his decision denying benefits.[4] I will only recount those facts pertinent to this motion.

Feuer has a mental impairment for which he collected disability insurance benefits.[5] Despite his disability, Feuer maintains his own household and handles most of his financial obligations.[6] He takes care of his seriously

---

[3] Plaintiff's Affirmation in Opposition to Motion ("Pl.").

[4] *See* Transcript of the Administrative Record ("Tr.") filed as part of the Commissioner's Answer pursuant to 42 U.S.C. § 405(g).

[5] *See id.* at 13.

[6] *See id.* at 23.

2

handicapped adult brother, and ensures that his brother receives the Social Security benefits to which he is entitled.[7] Feuer is highly educated and able to perform work that requires a high level of expertise.[8] During the period of 1997 to 2001, while collecting disability benefits, Feuer was employed as an adjunct math professor at two different universities.[9] His earnings constituted substantial gainful activity under Section 404.1572 of the Act, making the payments that he received an overpayment under the relevant regulations.[10]

While Feuer testified that he was unaware of his obligation to inform the Social Security Administration ("Administration") of any earned income, he did acknowledge calling the Administration when he began teaching to inquire whether his benefits would be impacted.[11] The person with whom he spoke did not have the information on hand, but Feuer never followed up on the conversation.[12]

---

[7] *See id.* at 23.

[8] *See id.*

[9] *See id.* at 16-17.

[10] *See id.* at 13-14.

[11] *See id.* at 17.

[12] *See id.*

3

Feuer testified that he incurred numerous medical expenses in the form of prescribed drugs and doctors visits during the contested period, and that his earnings should be reduced by the amount of those expenses.[13] However, Feuer had virtually no records to substantiate any of his claimed expenses.[14] The ALJ took the initiative to request and obtain evidence to support Feuer's claim from medical providers and insurers.[15] Although the ALJ was unable to uncover any evidence of specific purchases of goods and services claimed by Feuer during the relevant period, he nonetheless credited a percentage of the payments represented by Feur's cancelled checks to reduce Feuer's earnings.[16]

The ALJ took this measure despite noting that Feuer's submitted check records were "significantly inaccurate" in his favor when checked against the records obtained from insurance companies,[17] and that Feuer had failed to submit credit card records for charges he claimed to have incurred though he had

---

[13] *See id.*

[14] *See id.* at 16.

[15] *See id.*

[16] *See id.* at 19-20.

[17] *See id.* at 19.

4

many months to do so.[18] Feuer's earnings after the reductions still indicated substantial gainful activity, constituting an overpayment totaling $38,474.40.[19]

## III. LEGAL STANDARD

### A. Substantial Evidence Standard

When examining the ALJ's decision in a disability benefits case, a district court does not undertake a de novo review.[20] A court must not disturb the Commissioner's final decision if "correct legal standards were applied" and "substantial evidence supports the decision."[21] "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[22] "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the

---

[18] *See id.* Feuer attempts to submit the credit card receipts in the instant case. Additionally, Feuer attempts to submit two letters from two different medical providers to show that he was under their care during the contested period.

[19] *See id.* at 16.

[20] *See Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998).

[21] *Butts v. Barnhart,* 388 F.3d 377, 384 (2d Cir. 2004). *Accord Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004).

[22] *Halloran,* 362 F.3d at 31 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). *Accord Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

5

Commissioner."[23]

"To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."[24] "[E]ven if there is also substantial evidence for the plaintiff's position," if substantial evidence exists to support the Commissioner's decision, the decision must be affirmed.[25] The Commissioner's "findings of fact are conclusive, even if the reviewing court's independent analysis may differ from the [Commissioner's] analysis."[26]

A court may remand a case to the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is

---

[23] *Veino*, 312 F.3d at 586. *Accord Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

[24] *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999).

[25] *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). *Accord Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). *Accord DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1982). Moreover, the Commissioner's findings of fact, as well as the inferences and conclusions drawn from those findings, are conclusive even in cases where a reviewing court's independent analysis of the evidence might differ from the Commissioner's analysis. *See Rutherford*, 685 F.2d at 62.

[26] *Howard v. Astrue*, No. 07-Civ. 1558, 2007 WL 4326788, at *2 (E.D.N.Y. Dec. 7, 2007) (citing *Rutherford*, 685 F.2d at 62.

6

material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[27] The requirement to allow additional evidence is thus three-pronged. First, the proffered evidence must be "'new and not merely cumulative of what is already in the record."[28] Second, it must be "material" in the sense of being both relevant and probative, so that there is a "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently."[29] Third, the claimant must demonstrate "good cause for [his] failure to present the evidence earlier."[30]

## B. Recovery of Overpayment

The Act provides that the Commissioner is required to recover any benefits than an individual has received in excess of what is rightfully due him or her.[31] Such overpayments can result when an individual is both receiving

---

[27] 42 U.S.C. § 405 (g).

[28] *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (quoting *Szubak v. Secretary of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)).

[29] *Jones*, 949 F.2d at 60 (citing *Szubak*, 745 F.2d at 833; *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981).

[30] *Id.* (citing *Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir. 1985)).

[31] 42 U.S.C. § 404 (a). The statute provides in relevant part: "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under . . . [Subchapter II– Federal Old-Age Survivors, and Disability Insurance Benefits], proper adjustment

disability benefits and engaging in substantial gainful activity ("SGA"), defined as work that "involves doing significant and productive mental and physical duties . . . for pay or profit."[32] "Earnings are the primary criteria in establishing SGA."[33] In establishing an individual's monthly income to determine whether it meets the threshold for SGA, impairment-related work expenses ("IRWE"), defined as the reasonable costs of certain items and services required by an impaired individual which enable that individual to work, are deducted.[34] Subtraction for IRWEs can sometimes result in reduction of an overpayment.[35]

The Commissioner may waive recovery of overpayment if he finds that 1) the recipient was without fault, and 2) recovery would conflict with the purpose of the Act or be offend consideration of equity and good conscience.[36] "[I]f the Commissioner's finding that the claimant was not without fault is supported by substantial evidence, there is no need to consider whether recovery

---

or recovery shall be made."

[32] 20 C.F.R § 404.1510.

[33] *Nazzaro v. Callahan*, 978 F. Supp. 452, 459 (W.D.N.Y. 1997). *See also* 20 C.F.R 404.1574 (a) (1).

[34] *See* 20 C.F.R. § 404.1576 (b); *Nazzaro*, 978 F. Supp. at 459.

[35] *See, e.g., Howard*, 2007 WL 4326788, at *4.

[36] *See* 42 U.S.C. § 404 (b).

8

of the overpayments would defeat the purpose of [the Act] or would be against equity and good conscience, 'since those factors come into play only if the recipient is without fault.'"[37] "The Secretary's determination of whether these factors have been satisfied may not lightly be overturned."[38]

Determination of fault is a factual inquiry[39] based on the actions of the individual recipient: "The fact that the [Social Security Administration] may have been at fault in making the overpayment does not relieve the recipient from liability for repayment if the recipient also was at fault."[40] "Fault may be found if the recipient: (1) makes a statement which he knows or should have known to be incorrect; (2) fails to furnish information which he knows or should have known to be material; or (3) accepts a payment which he knew or could have been expected to know was incorrect."[41] Bad faith on the part of the recipient is not required – an

---

[37] *Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985).

[38] *Valente v. Secretary of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

[39] *See id.*

[40] *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983). *See also* 20 C.F.R. § 416.552.

[41] *See Center*, 704 F.2d at 680.

9

honest error may constitute fault.[42] Plaintiff bears the burden of proving that he is entitled to a waiver.[43]

Once the threshold matter of no fault is established, "the issues of whether repayment would defeat the purposes of the Act or be against equity or good conscience implicate an exercise of informed judgment, and the Secretary has considerable discretion in making these determinations."[44] Recovery of overpayment violates the Act "where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses."[45] "Recovery of an overpayment is against equity and good conscience . . . if an individual [c]hanged his or her position for the worse . . . or relinquished a valuable right . . . because of reliance upon a notice that a payment would be made or because of the overpayment itself."[46]

---

[42] *See Howard*, 2007 WL 4326788, at *3 (citing *Center*, 704 F.2d at 680).

[43] *See id.* (citing *Center*, 704 F.2d at 680).

[44] *Valente*, 733 F.2d at 1041.

[45] 20 C.F.R. § 404.509 (b).

[46] *Id.* § 404.509 (a) (1). Although 20 C.F.R. § 404.509 (a) (2) provides that an individual living in a separate household from the overpaid person may not be responsible for repayment on equity and good conscience grounds, this

10

## IV. DISCUSSION

### A. Substantial Evidence Supports the Commissioner's Finding of an Overpayment

At the hearing, Feuer stated that he had essentially no records to substantiate any claimed IRWEs. As the ALJ noted in his decision regarding Feuer's benefits, "[a]lthough ALJs have the regulatory obligation to 'full[y] and fairly develop the record,' the ultimate responsibility for proving the existence and amount of deductible medical expenses lies on the claimant seeking relief from repayment of an overpayment."[47] The lack of evidence to support Feuer's denial of overpayment would have been sufficient reason to support the ALJ's finding that overpayment was properly calculated. Nonetheless, the ALJ made considerable independent efforts in an attempt to substantiate Feuer's claims. Even deducting IRWEs based on records of medical purchases acquired by the ALJ himself, Feuer's work during the period at issue still constituted substantial gainful activity.

Although Feuer now attempts to submit additional evidence to support his claims of IRWEs – i.e., credit card receipts and two letters

---

provision is not relevant here.

[47] Tr. at 19.

11

acknowledging a particular physician's (Dr. Levine) treatment of Feuer during the relevant period – that submission is precluded under the standard set forth by 42 U.S.C. § 405 (g). Considering the ALJ's willingness to incorporate estimated deductions for Feuer's claimed IRWEs on good faith, even in the absence of corroborating proof, there is little possibility that the proffered evidence would have caused a different result. Notably, the letters offered to show that Dr. Levine treated Feuer during the relevant period do not offer any proof of actual visits or charges, and thus do not affect the record in any way. Furthermore, no good cause has been shown for Feuer's failure to present the evidence earlier. The ALJ kept the record open for "an unusually long time after the conclusion of the hearing" to allow additional evidence to be gathered.[48] Feuer neither "obtained nor submitted MasterCard records of actual charges, though he had many months to do so."[49] Feuer also did not contest Dr. Levine's assertion that he did not treat Feuer during the relevant period. Any evidence Feuer offers now, even if its usefulness were not in question, was available during the ALJ's hearing and is now barred.

**B.    Substantial Evidence Exists that Feuer Was Not Without Fault and Is Not Entitled to Waiver of Overpayment**

---

[48]    *Id.* at 18.

[49]    *Id.* at 18.

The ALJ supported his finding that Feuer was not without fault for his overpayment on several grounds. *First*, Feuer was a highly educated and competent individual who took care of all his own activities of daily living and most of his financial obligations. *Second*, Feuer was able to care for his severely handicapped adult brother and coordinate his Social Security benefits, which involved the same responsibility to report individual earnings now at issue. *Third*, Feuer took the initiative to inquire about any potential change in benefits resulting from his employment, but did not follow up when the person he spoke with did not know the answer to the question he asked. These factors constitute substantial evidence upon which to rest a finding that Feuer knew or should have known that his earnings might have an adverse effect on his entitlement, and thus that he bears fault for overpayment. As a result, Feuer is not entitled to a waiver of overpayment.[50]

---

[50] As Feuer is not without fault, the issue of whether adjustment or recovery of overpayment "would either defeat the purpose of title II of the Act, or be against equity and good conscience" is irrelevant to determining whether overpayment should have to be repaid. 20 C.F.R. § 404.1576 (a). Nonetheless, there is substantial evidence to support the ALJ's finding that Feuer did not satisfy either of these standards. As a millionaire, Feuer does not claim that repayment would result in the material hardship necessary to "defeat the purpose" of the Act. 20 C.F.R. § 404.508. There is no evidence on the record to suggest that Feuer either "changed his . . . position for the worse" or "relinquished a valuable right because he relied upon the overpayments he received." 20 C.F.R. § 404.509.

## V. CONCLUSION

Because I find that the ALJ's decision is supported by substantial evidence, the Commissioner's motion is granted and the ALJ's decision is affirmed. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 27, 2008

## -Appearances-

**Plaintiff (Pro Se):**

Richard Feuer
230 West End Ave
New York, New York 10023
(212) 379-5825

**For Defendant:**

Susan C. Branagan
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2804